and that any further occupation by defendant of north and south streets must be accomplished with the consent of the city, under the general legislation applicable to street railways in this commonwealth.

As to the assignment of error that plaintiff's route does not describe a circuit under the act of 1889, and for that reason it can exercise no corporate power to construct its railway, we are of opinion that as the state authorities, in their understanding of the meaning of the term " circuit," issued a charter specifying the straight line of a north and south street as the route of the proposed railway, we ought not in this proceeding, in which the state is no party, to render a judgment which would in effect revoke the charter. If the charter is inoperative because it described a route not authorized by the act of 1889, that question can be most effectively determined in another form of proceeding. The decree of court below is affirmed, and appeal dismissed at costs of appellant.

Mr. Justice Mitchell dissented.


Barlow, Appellant, *v.* Standard Steel Casting Co.

*Negligence—Fellow servants—Defective machinery.*

A nonsuit is properly entered in an action for damages for personal injuries where it appears that plaintiff, while engaged in working at a crane arranged to move in " slow gear" and "fast gear," was injured by the negligent conduct of his fellow workmen in permitting the crane to suddenly slip out of " slow gear " into "fast gear," thereby breaking the handle of the crank, which had been cracked and of which the foreman had knowledge.

Argued Feb. 6, 1893. Appeal, No. 257, Jan. T., 1892, by plaintiff, J. W. Barlow, from order of C. P. Delaware Co., June T., 1891, No. 143, entering compulsory nonsuit. Before Paxson, C. J., Sterrett, McCollum, Mitchell and Dean, JJ.

Trespass for personal injuries.

At the trial, before Clayton, P. J., it appeared that plaintiff was employed by defendant as a chipper, but was occasionally called upon to assist at a crane, outside of the shop where he worked. This crane was operated by a solid shaft running

through the body of the crane, with a crank at each end of the shaft on both sides of the crane. On this shaft are two cog wheels on opposite sides of the crane, one of which can be made part of a series of gear wheels, known as " slow gear," and the other part of another series of gear wheels, known as " fast gear." When the fast gear cog is in gear, the slow gear cog is out of gear, and vice versa, the change from one gear to the other being made by slipping the shaft forward or backward. When the crane is in fast gear, the power is applied to the weight through a fewer number of wheels than when in " slow gear," the fast gear being used for raising comparatively light weights, while the slow gear is applied to the raising of very heavy weights up to the limit of the capacity of the crane. On Dec. 26, 1890, a force of eight men, among whom was plaintiff, were ordered by foremen David Clark and Mark Tingle to raise a casting weighing from eight to nine tons. The crane was set in slow gear. The end of the shaft, upon which was the cog wheel which fitted into slow gear, was under the edge of the roof of a shed from which the rain was dripping. In order to avoid getting wet, seven of the men collected at the crank at the other end of the shaft, which was sheltered from rain, and which was on the same end of the shaft with the cog wheel which fitted into the fast gear series of wheels. This fast gear cog wheel was then free from all connection with any other gear wheel. One of the hands, Sweeny, was the only one at the crank under the edge of the roof. A piece of gas pipe was attached to the handhold of the crank on the sheltered side to lengthen it for the accommodation of the seven men who collected at that crank. The seven men were arranged four on one side of the crank and three on the other side facing each other, Barlow, the plaintiff, being the nearest of the seven to the crane. Thus the seven men, while working on one side and in their efforts to keep the gas pipe in position, were exerting a lateral pressure toward fast gear which was only resisted by the one man on the other side. When the casting had been raised about two or two and a half feet, Sweeny, who was working alone in the drippings under the edge of the roof at the other crank, let go his hold, and the shaft slipped into fast gear and out of slow gear. The weight being then too great for the men to hold, and failing in their

endeavors to resist the rapid turning of the crank, the handle broke, plaintiff being struck by the crank.

Plaintiff showed that the handle had been cracked for some time, that defendant's foreman had knowledge of it and had promised to fix it a week or ten days previous to the accident.

Defendant moved for a compulsory nonsuit.

By the Court : The result of the accident was the slipping into fast gear. The breaking of the handle saved what would seem to me to be a very serious accident. The men getting on one side of the handle rather than in the dripping of the rain, they all got on one side. They put no man at the brake, and if the accident was caused by that—the negligence of the fellow workmen—I am inclined to think there can be no recovery.

By Mr. Robinson : Your honor overlooked the fact that these men were directed to go where they did by the foreman. They were not all directed to take one place.

By the Court: He was the last man to take his place. The foreman may be liable for putting these men into danger.

By Mr. Robinson : The evidence clearly shows that that handle broke, and the evidence clearly shows that the manager had notice some considerable while of the flaw in that handle.

By the Court : The handle seems to have been strong enough to have raised this nine tons until it slipped into the fast gear.

The court entered a nonsuit and subsequently refused to take it off.

*Error assigned* was entry of compulsory nonsuit.

*V. Gilpin Robinson* for appellant, cited : Baker v. Allegheny Valley R. R., 95 Pa. 211 ; Tissue v. B. & O. R. R., 112 Pa. 91 ; Cayzer v. Taylor, 10 Gray, 274 ; Schum v. Penna. R. R., 107 Pa. 11; Cole v. Wehn & Bawdon, 3 W. N. 409; Payne v. Reese, 100 Pa. 301 ; Lehigh Valley R. R. v. Hall, 61 Pa. 367 ; Rummell v. Dilworth, 111 Pa. 343 ; Patterson v. Pittsburgh & Connellsville R. R., 76 Pa. 389 ; Lehigh Valley Coal Co. v. Jones, 86 Pa. 439 ; Northern Central Ry. v. Husson, 101 Pa. 8.

*Joseph T. Bunting* and *Geo. B. Lindsay,* for appellees, cited : Ross v. Walker, 139 Pa. 42.

PER CURIAM, February 20, 1893 :
Judgment affirmed.